STATE OF MARYLAND *vs*. NEGRO JESSE EVANS.—*Dec*. 1835.

Where a statute creates an offence, which did not exist at common law, or changes the nature or degree of an offence existing at common law, there an indictment for such offence must conclude against the form of the statute; but if a statute only direct a different mode of punishment for a common law offence, the indictment *may* conclude against the peace, &c.

It is the right of every man to be informed of a criminal accusation against him, and to have a copy of the indictment in due time to prepare for his defence.

An indictment concluding *contra pacem*, charges only a violation of the common law.

An indictment for stealing coin, charges an offence at common law; and the party indicted upon conviction, may be punished under the act of 1809, chapter 138, upon an indictment which concludes *contra pacem*; That act repeals the common law punishment, and provides only for a different punishment of this offence.

APPEAL from *Calvert* County court.

At the May Term of *Calvert* County court, 1834, the following indictment was found against the defendant in error:

" The Grand Jurors of the State of *Maryland* for *Calvert* County, on their oaths, do present, that *Jesse Evans*, late of said county, labourer, on the first day of March, in the year one thousand eight hundred and thirty-four, with force and arms, at the county aforesaid, two five-franc pieces, silver coins of *France*, of the value of one dollar, and eighty-eight cents; and seven half dollars, silver coins of the *United States*, of the value of three dollars and fifty cents, current money, of the goods and chattels of one *Joseph Gurry*, then and there being found, feloniously did steal, take, and carry away, against the peace, government, and dignity of the State."

There was a verdict against the accused upon this indictment, when the following reasons were filed in arrest of judgment:—

1st. Because the indictment is defective, in concluding, " against the peace, government, and dignity of the *State*,"

when it should have concluded, against the acts of assembly in such case made and provided, and against the peace, government, and dignity of the *State*.

2d. Because the offence charged in said indictment, is not an offence at common law, but an offence against the statute, and the indictment should have concluded, as of an offence against the statute.

The County court arrested the judgment, and discharged the defendant, and thereupon the *State* brought the record by writ of error before this court.

The cause was argued before STEPHEN, ARCHER, DORSEY and CHAMBERS, Judges.

BOYLE for the appellant.

The offence charged in the indictment, is an offence at common law, and consequently it need not conclude, against the form of the statute. *Stark Cr. Pl.* 253. *2 Hale* 190. *2 Binney* 339. *2 Russel on Cr.* 1157. *Archbold Pl.* 113, 127.

McMAHON for the appellee.

1. The act of 1809, ch. 138, with reference to all the cases embraced within it, supersedes the common law, and the *State* cannot abandon the statute, and proceed at common law. The crimes are defined, and the sanctions imposed by the statute, and consequently all antecedent definitions and punishments, are abrogated. *4 Pain's Cir. C. R.* 404 *to* 407. *1 Leigh* 570. *2 Leigh* 730. *5 Pick. Rep.* 168.

2. If however, the crime itself is not changed by the statute, the *punishment* unquestionably is, and there can be no judgment upon the indictment, unless it concludes against the statute. *Archbold* 28. *2 Hawkins, Ch.* 25, *sec.* 115, 116. *4 Cen. Dig.* 630.

3. The common law punishment is mitigated by the statute for the benefit of the criminal, and the court is not at liberty to pass the latter by, and inflict the penalty denounced by the former. *10 Pick. Rep.* 37. *Harding Rep.* 95. *1 Chitty Cr. Law* 196.

4. The words " *contra formam statuti* " are not introduced to show the offence to be within the statute, but to enable the court to inflict the statutory punishment.

CHAMBERS, Judge, delivered the opinion of the court.

After a deliberate examination of the authorities to which we have been referred, and of the *English* precedents in many cases, where the punishments have been changed by statute, we are of opinion that the correct rule, and the one which must govern the case at bar, is, that where a statute creates an offence which did not exist at common law, or changes the nature, or degree of an offence existing at common law, there the indictment must conclude *contra formam statuti.*

But if a statute only direct a different mode of punishment for a common law offence, the indictment may conclude *contra pacem.*

It is the right of every man, secured by a provision in our fundamental law, (Bill of Rights, 19th section,) to be informed of a criminal accusation against him, and to have a copy of the indictment in due time to prepare for his defence.

From the earliest age of the law, it has been conceded, that an indictment concluding *contra pacem,* charges only a violation of the common law, and with such an indictment, the accused need only refer, when preparing for his defence, to the criminal code of the common law, to ascertain what are the ingredients constituting the offence charged, and what will vindicate or excuse him.

If the facts as charged in such indictment, do not constitute the offence by the rules of the common law, the party accused need do no more than to show, that those rules do not embrace the case made out in the indictment. To sustain a charge so made, by the aid of a statute which prohibits the act imputed as a crime, would be a surprise upon the accused, because the indictment gave him no notice that he was charged with a violation of a statute.

We have not been able to procure the *Kentucky* statute, on which the decision in *Harden* is made, and cannot therefore see, how far it affects the principles we have adopted. There is nothing in the case cited from 10 *Pick. Rep.* which conflicts with this doctrine. There the statute of 1814, as will be seen by referring to it, describes the offence, and defines particularly the particular facts which constitute it, and the court considered that statute as superseding the common law in relation to that offence.

In this case the rules of the common law alone, define the offence which is charged and described in this indictment, and no aid from a statute was required to ascertain what were its ingredients to effect the conviction; no surprise therefore, can be alleged, which lessened the means of the accused " to prepare for his defence."

The trial and conviction being had, the court will be directed by the act of of 1809, chapter 138, commonly called the penitentiary act, as to the particular sentence to be pronounced. We have no doubt, that the common law is repealed, so far as it provided for the punishment of this offence ; but we think that the offence may be punished according to the terms of the act of 1809, although not charged to be *contra formam statuti*, and therefore that the court below, committed error in not proceeding to pass sentence.

JUDGMENT REVERSED AND PROCEDENDO AWARDED.